EDWARD STILES plaintiff in error *against* JOSEPH DONALDSON, sen.
[S. C. 2 Dall. 264.]

Unliquidated accounts between merchants in the capacity of principal and factor are not within the act of limitations.

WRIT of error to the Court of Common Pleas of Philadelphia county. It appeared by the record returned, that the plaintiff in error had commenced an action of debt against the defendant on an obligation, to which the defendant pleaded payment, with leave to give the special matter in evidence. In September term 1791, the Court of Common Pleas made a rule that the defendant's attorney should furnish the plaintiff a particular account with all the items of such matters as he meant to prove, and insist on at the trial on the plea of payment or set-off; and also that the plaintiff's attorney should furnish to the defendant a particular account, with all the items of such matters, as he intended to prove and insist upon at the trial over and above the sum in the bond.

The cause came on to be tried by a special jury, at an adjourned court in September term 1794, when the jury found a verdict for the defendant, and further certified, that there was due to him from the plaintiff the sum of 6*l*. 9*s*. 5*d*. damages and six pence costs. Judgment was hereupon rendered by the Common Pleas.

The writ of error being returnable to January term 1795, Mr. Heatley, the same term, on the part of the plaintiff, alleged diminution of a bill of exceptions, whereupon a *certiorari* was awarded. Hereto the following return was made under seal.

On the 19th November 1704, this cause came on to trial before the judges of the same court and a special jury, when the plaintiff by his counsel produced and read in evidence the bond mentioned in the declaration, bearing date the            day of August 1774, upon which bond no payments of either principal or interest were credited or indorsed ; and thereupon the defendant by his counsel offered to prove in evidence to the jury, in support of the issue on his part, and under the notice of set-off, that after the execution of the said bond and before the commencement of the suit, the plaintiff became indebted and yet remained indebted to the defendant, in a sum exceeding the amount of the said bond upon accounts still remaining unliquidated and unsettled between the plaintiff and defendant as merchants, concerning the sales of merchandise, by the plaintiff as agent or factor for the defendant, in parts beyond sea ; and hereupon the counsel for the plaintiff did on his part then and there object to the admission of any such testimony, inasmuch as the last item of such accounts was of more than seventeen years

standing, and no proof offered of any subsequent demand on plaintiff for the monies which the defendant now insisted to defalk from and set off against the bond; and that the defendant was, by long acquiescence and also by the act of limitations, barred and precluded from demanding or setting off the same; nevertheless the said judges did then and there overrule the said objections, and did allow and admit the defendant to give evidence of such accounts to the jury; whereupon the said counsel for the plaintiff did then and there except to the opinion of the said judges, insisting that no evidence of any such accounts ought to have been admitted, and then and there did tender to the said judges this bill of exceptions, and require the seals of the said judges hereto.

James Biddle. [L. S.]

Mr. Ingersoll for the defendant in error stated, that the only question which could arise, was whether actions of account-render between merchants in the capacities of principal and factor, where the accounts between them were unliqudated, were within the act of limitations.  The certificate of the jury in favor of the defendant, was grounded on the defalcation act of 4 Ann.

He admitted that a debt barred by the statute of limitations, cannot be set off; if pleaded, plaintiff may reply the statute; if given in evidence, it may be objected to on the trial.   Bull. 253. 2 Stra. 1271.

But actions of account have always been considered within the exception of the limitation act. Carth. 226. 1 Vent. 90. 1 Mod. 70, 269. 2 Saund. 127. Espin. 148. 3 Woodeson. 85.   If one accepts a consignment, he must be supposed to know the consequences, and must go through with the trust. 3 Wils. 117.   A discount is natural justice in all cases, though fourteen years length of time be elapsed. 1 Equ. Ca. Abr. 8, pl. 6.   He also cited Paley's Mor. Philos. 81.

Mr. Condy for the plaintiff made no objection, and the court affirmed the judgment.